UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEA FARM TECHNOLOGIES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN PEEPLES,<br><br>Defendant. | No. 1:18-cv-00756-DAD-EPG<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO SEAL DOCUMENTS<br><br>(Doc. No. 5) |

This matter is before the court on plaintiff GEA Farm Technologies, Inc.'s ("plaintiff") request to seal documents, which was filed on June 5, 2018. (Doc. No. 5.) On June 4, 2018 plaintiff filed a motion for a temporary restraining order ("TRO") and/or a preliminary injunction. (Doc. No. 2.) Plaintiff requests the court's permission to file redacted versions of documents pertaining to its motion on the public docket and to file unredacted versions of those documents under seal. (Doc. No. 5 at 2.) In addition to the notice of its request to seal, which is publically filed on the court's docket, plaintiff has also provided the court with unredacted versions of the documents that it seeks to redact and file under seal. The court has reviewed those documents in considering plaintiff's request to file under seal. For the reasons explained below, plaintiff's request will be granted.

/////

1

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").[1] "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted). The reason for the two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (quotations omitted).

Under the "compelling reasons" standard applicable to dispositive motions such as plaintiff's motion for preliminary injunction which is at issue here:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on

---

[1] Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

> a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks, omissions, and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). In some instances, the proposed filing of documents under seal in connection with motions for preliminary injunction, for sanctions, or in limine – though such motions are not dispositive – may be governed by the "compelling reasons" test, predicated on the right of access and the need to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.* at 1097–1101 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)). In keeping with this principle, requests to seal documents relating to motions for a preliminary injunction have been found by the Ninth Circuit to "more than tangentially relate[] to the merits" because success on the motion for a preliminary injunction would have resolved a portion of the claims in the underlying complaint. *Center for Auto Safety, LLC*, 809 F.3d at 1102.

"In general, 'compelling reasons' sufficient to ... justify sealing court records exist when such 'court files might ... become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

/////

/////

3

**DISCUSSION**

Plaintiff first asserts that a request to seal documents in connection with a motion for a temporary restraining order should be granted if a party shows good cause, as motions for temporary restraining orders and preliminary injunctions are generally not deemed dispositive. (Pl.'s Req. to Seal Documents at 2–3.) Here, plaintiff's motion for a TRO and/or preliminary injunction involves a determination of whether plaintiff is likely to succeed on the merits of its claims against defendant regarding the alleged use of confidential information and trade secrets. (*See* Doc. No. 2-1.) In the motion for the TRO and/or preliminary injunction, plaintiff requests that the court order defendant to immediately stop disclosing, using, selling, or attempting to access any of GEA's confidential information, either for defendant's benefit or that of his current employer, Automated Dairy Systems ("ADS"). (Doc. No. 2-2 at 2.) Among other additional requests, plaintiff asks for an order requiring defendant to submit to a forensic inspection and to provide a list of devices that may house GEA's confidential information. (*Id.*) For plaintiff, success on their motion for the TRO and/or preliminary injunction results in a portion of the injunctive relief that they request in the complaint. *See Center for Auto Safety, LLC*, 809 F.3d at 1102 (concluding that "plaintiffs' motion for preliminary injunction is more than tangentially related to the merits" and thus, a motion to seal should be considered under the compelling reasons standard). Therefore, the request to seal will be evaluated under the "compelling reason" standard because the motion for the TRO and/or preliminary injunction is dispositive in the sense that it is "more than tangentially related to the merits of a case." *Center for Auto Safety, LLC*, 809 F.3d at 1102.

Regardless of the standard employed, the court concludes that plaintiff's request to seal should be granted. GEA seeks to file redacted versions of the following documents on the public docket and have the unredacted versions under seal: (1) paragraph 6 of the declaration of Anthony Avila submitted in support of plaintiff's request for a temporary restraining order and preliminary injunction; (2) copies of the GEA files referenced in paragraph 6 of the declaration of Anthony Avila; and (3) the declaration of David Sandlin. These documents include detailed descriptions and screenshots of the tools and data that plaintiff alleges defendant took from GEA

4

following the end of his employment and is now allegedly using for his personal benefit or that of his new employer.  Additionally, the documents in question reveal the identity and specific equipment needs of a GEA customer, who was allegedly solicited by defendant after he left plaintiff.  Without redaction, disclosing these documents could result in plaintiff's loss of trade secrets, which is the exact outcome that plaintiff seeks to prevent by filing this action.  Therefore, the court concludes that a compelling reason exists to seal the documents as requested by plaintiff.

## CONCLUSION

After reviewing the papers submitted, the court grants plaintiff's motion to seal.  Plaintiff is directed to file the documents reflecting the redactions approved above on the court's docket within seven days of this order.

IT IS SO ORDERED.

Dated: __**June 7, 2018**__

_____
UNITED STATES DISTRICT JUDGE