UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEA FARM TECHNOLOGIES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN PEEPLES,<br><br>Defendant. | No. 1:18-cv-00756-DAD-EPG<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO SEAL DOCUMENTS<br><br>(Doc. No. 22) |

This matter is before the court on plaintiff GEA Farm Technologies, Inc.'s ("plaintiff") June 12, 2018 request to seal documents. (Doc. No. 22.) Therein, plaintiff requests permission to file a redacted version of an exhibit to its reply in support of its motion for a temporary restraining order. (*Id.*) The court notes that plaintiff filed the redacted version of the document on the court's public docket on June 12, 2018, prior to leave granted by the court. (*See* Doc. No. 19-3.) On June 12, 2018, the court also heard oral argument on plaintiff's motion for a temporary restraining order. (Doc. No. 23.)

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits

/////

1

of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").[1]
"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted). The reason for the two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (quotations omitted).

Under the "compelling reasons" standard applicable to dispositive motions such as plaintiff's motion for preliminary injunction which is at issue here:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks, omissions, and citations omitted). The party seeking to

---

[1] Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). In some instances, the proposed filing of documents under seal in connection with motions for preliminary injunction, for sanctions, or in limine – though such motions are not dispositive – may be governed by the "compelling reasons" test, predicated on the right of access and the need to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.* at 1097–1101 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)). In keeping with this principle, requests to seal documents relating to motions for a preliminary injunction have been found by the Ninth Circuit to "more than tangentially relate[] to the merits" because success on the motion for a preliminary injunction would have resolved a portion of the claims in the underlying complaint. *Center for Auto Safety, LLC*, 809 F.3d at 1102.

"In general, 'compelling reasons' sufficient to ... justify sealing court records exist when such 'court files might ... become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

**DISCUSSION**

As fully discussed in this court's prior order granting plaintiff's request to seal documents (Doc. No. 8), this request to seal will be evaluated under the "compelling reason" standard because the motion for the TRO and/or preliminary injunction is dispositive in the sense that it is "more than tangentially related to the merits of a case." *Center for Auto Safety, LLC*, 809 F.3d at

1102.  Plaintiff's reliance on the "good cause" standard (Pl.'s Second Req. to Seal Doc.) is rejected, and the parties are directed that in any future sealing requests submitted in connection with the anticipated motion for a preliminary injunction they shall make a showing of compelling reason, rather than simply good cause, as to why the request for sealing should be granted.

Nonetheless, the court concludes that plaintiff's pending request to seal should be granted.[2]  GEA seeks to file a redacted version of the second declaration of Anthony Avila, which is an exhibit to plaintiff's reply in support of its motion for TRO and/or preliminary injunction. The document reveals the identity and specific equipment needs of three GEA customers, who were allegedly solicited by defendant.  Without redaction, disclosing these documents could result in the loss of trade secrets for plaintiff, which is the exact outcome that plaintiff seeks to prevent by filing this action.  Therefore, the court concludes that a compelling reason exists to seal the document as requested by plaintiff.

**CONCLUSION**

For the reasons set forth above, the court grants plaintiff's motion (Doc. No. 22) to seal. The redacted version of the second declaration of Anthony Avila submitted with plaintiff's reply in support of its motion for a temporary restraining order will remain on the court's docket.

IT IS SO ORDERED.

Dated:  **June 13, 2018**

UNITED STATES DISTRICT JUDGE

---

[2]  The court also notes that in requesting to seal, plaintiff did not comply with Local Rule 141. Without first obtaining leave from the court, plaintiff filed a redacted version of the document on the public docket. (Doc. No. 19-3.)  Plaintiff is reminded that "[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law."  L.R. 141(a).  All parties are reminded that "all Requests [to seal], proposed orders, and submitted documents shall be served on all parties on or before the day they are submitted to the Court."  L.R. 141(b). Failure to adhere to the local rules may result in the request to seal being stricken.