UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEA FARM TECHNOLOGIES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN PEEPLES, an individual; and DOES 1 through 10, exclusive,<br><br>Defendants. | No. 1:18-cv-00756-DAD-EPG<br><br>CONSENT ORDER FOR PRELIMINARY INJUNCTION<br><br>(Doc. No. 39) |
| STEVEN PEEPLES, an individual,<br><br>Counter-claimant,<br><br>v.<br><br>GEA FARM TECHNOLOGIES, INC., a Delaware corporation, and ROES 1 through 10, inclusive,<br><br>Counter-defendants. | |

On June 4, 2018, plaintiff and counter-defendant GEA Farm Technologies, Inc. ("GEA") filed a complaint and motion seeking a temporary restraining order ("TRO") and/or preliminary injunction against defendant and counter-claimant Steven Peeples ("Peeples") prohibiting him

1

from using or destroying GEA's allegedly confidential information, among other requests. (Doc. Nos. 1, 2.) The hearing on the motion for a TRO occurred on June 12, 2018. (Doc. No. 23.) After the hearing, the parties filed a stipulation in lieu of the court issuing a TRO. (Doc. No. 27.) On June 14, 2018, the court issued an order pursuant to the stipulation, granting the temporary restraining order and setting a briefing schedule on the motion for preliminary injunction. (Doc. No. 28.) On July 5, 2018, the court issued an order modifying the scheduling order for the motion for preliminary injunction. (Doc. No. 33.)

After conducting limited discovery pursuant to the court's order, the parties submitted a stipulation to vacate the hearing on GEA's motion for preliminary injunction, currently scheduled for September 5, 2018. (Doc. No. 39.) The parties also submitted a consent order for a preliminary injunction. (Doc. No. 39-1.) The court has reviewed the parties' stipulation and consent order and finds it appropriate to order the following pursuant thereto:

1. For purposes of this order, the following terms are defined accordingly:
   a. GEA Files: The term "GEA Files" shall have the same meaning as set forth in the stipulation and order dated June 14, 2018 (Doc. No. 28 at n. 1). Specifically, the term shall mean any form of paper or electronic files or records pertaining to GEA's business that Peeples had access to, or otherwise obtained during the course of his prior employment, or has otherwise obtained prior to the date of this order. The GEA Files include, but are not limited to, the eleven GEA files identified as Exhibit 1 to the Declaration of Amy Verhoeven (Doc. No. 2-9).
   b. Peeples' Accounts and Devices: The term "Peeples' Accounts and Devices" shall have the same meaning as set forth in the stipulation and order dated June 14, 2018 (Doc. No. 28 at ¶ 1). Specifically, the term shall mean any e-mail accounts (including, but not limited to, peeples.steven@gmail.com), servers, computers, external drives or other devices in Peeples' personal possession, custody or control. Further, the term shall include the Peeples' Accounts and Devices identified in Peeples' sworn answers to interrogatories and Exhibit A thereto and/or as identified in compliance with paragraph 2(c)-(e) below pursuant to this

1 | | Order, and any back-up physical drives and/or cloud-based storage services
2 | | associated with those accounts and devices.
3 | c. | Peeples' Personal Account: "Peeples' Personal Account" shall refer to Peeples'
4 | | personal Gmail email account with the address peeples.steven@gmail.com.
5 | d. | Service Tool: The term "Service Tool" shall refer to the report(s) described in
6 | | paragraphs 32-33 of the complaint and any other form of excel spreadsheet
7 | | (regardless of its name, including, but not limited to, "Total Solutions") which
8 | | Peeples' authored or developed, in whole or part, during his tenure at GEA that
9 | | compiled and organized customer pricing, product, parts, maintenance and/or
10 | | service information to assist in predicting, planning or scheduling service or
11 | | maintenance for the GEA dairy systems and equipment owned and operated by
12 | | individual GEA customers. The Service Tool, or any excerpt or portion thereof,
13 | | shall be considered a GEA File for purposes of this order.

2. Securing and Preserving GEA Files

   a. Peeples shall be enjoined and prohibited from personally deleting, destroying, tampering with or removing any GEA Files that reside on any e-mail accounts (including, but not limited to, Peeples' personal account) and/or Peeples' accounts and devices, other than for purposes of assisting with the execution of the agreed-upon Deletion Protocol referenced in paragraph 3(a) below.

   b. Peeples shall be enjoined and prohibited from accessing or using, for any purpose, or otherwise disclosing or transmitting to any person any GEA Files, except to the extent necessary to assist with the execution of the agreed-upon Deletion Protocol referenced in paragraph 3(a) below or to otherwise coordinate with his counsel in the defense of this litigation.

   c. By entering into this order, Peeples certifies that he has undertaken a good faith search to identify all GEA Files within his possession, custody and control and has provided the following to counsel for GEA:

/////

          i.      a complete list of all Peeples' Accounts and Devices that contain any GEA Files; and

          ii.     a complete list of all persons or entities to whom Peeples disclosed or provided the GEA Files, including, as applicable, the identity of any other third-party account or device on which he believes GEA Files may reside.

    d.     By entering into this order, Peeples certifies and agrees that if after the date of this order, he locates or has reason to know of the location of any additional GEA Files or any other accounts or devices containing GEA Files, he, by and through his counsel, will immediately notify counsel for GEA and will not access or use said GEA Files, for any purpose, and will not disclose them to anyone other than his counsel and counsel for GEA.

    e.     Within one (1) business day of entry of this order, Peeples shall deliver to his counsel:

          i.      All of Peeples' devices (e.g., laptops, desktops, iPads, tablets, flash drives) on which GEA Files reside;

          ii.     The necessary passwords to enable one to access Peeples' Accounts and Devices, including, but not limited to, the password for Peeples' Personal Account.

3.    Inspection, Preservation, and Return of GEA Files

    a.     Within two (2) business days of Peeples' delivery of those items identified in paragraph 2(e), Peeples will permit an agreed-upon third-party forensic computer consultant, Mark J. Eskridge and Digital Forensic Investigations, Inc., to begin a forensic inspection of Peeples' Accounts and Devices for the purpose of: (i) locating and preserving GEA Files and other documents responsive to GEA's First Request for the Production of Documents (the "Document Requests") for use in this litigation by counsel for the Parties; and (ii) permanently deleting and removing all said files and documents from Peeples' Accounts and Devices and Peeples' Personal Account. Mr. Eskridge shall conduct these activities in

accordance with the agreed-upon Deletion Protocol located in Exhibit A to the joint consent order for preliminary injunction (Doc. No. 39-2), and his forensic inspection pursuant to the Deletion Protocol shall continue until completed. Peeples shall cooperate with Mr. Eskridge as reasonably necessary to execute the Deletion Protocol.

    b. Upon completion of the Deletion Protocol, the located GEA Files will be deemed returned to GEA and located documents responsive to GEA's Document Requests shall be deemed produced to GEA in accordance with Rule 34(b) of the Federal Rules of Civil Procedure. Disputes regarding whether a particular file belongs to GEA or a particular document is responsive to GEA's Document Requests and, therefore, is subject to deletion from Peeples' Accounts and Devices will be addressed by an informal discovery conference pursuant to the standard procedures for United States Magistrate Judge Erica P. Grosjean.

    c. All procedures set forth in paragraph 3 and execution of the Deletion Protocol in Exhibit A shall be conducted under the auspices of the Stipulated Protective Order (Doc. No. 24).

    d. GEA shall pay all fees, costs, and expenses for the third-party consultant to locate, preserve, and return the GEA Files and produce other documents responsive to GEA's Document Requests pursuant to the foregoing procedure and Exhibit A.

4. This order shall remain in effect until entry of final judgment or other final resolution of this case.

5. The parties agree to waive any requirement that a bond be posted to secure this consent order for preliminary injunction.

6. The September 5, 2018 hearing for the motion for preliminary injunction is vacated and removed from the court's calendar.

IT IS SO ORDERED.

Dated: **August 24, 2018**     _____
                                  UNITED STATES DISTRICT JUDGE